IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL RANDELL, SR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **COAST PROFESSIONAL, INC.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL RANDELL, SR., by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, COAST PROFESSIONAL, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MICHAEL RANDELL, SR., (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Vernon Hills, County of Lake, State of Illinois.

5. COAST PROFESSIONAL, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of California.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV.  ALLEGATIONS

9. On or about November 17, 2009, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. The aforementioned telephone call was initiated by Defendant to Plaintiff at his place of employment.

12. Plaintiff advised Defendant that he was unable to accept calls such as that initiated by Defendant at his place of employment as Plaintiff's employer prohibits its employees for receiving such calls.

13. Plaintiff requested that Defendant refrain from initiating further calls to Plaintiff at his place of employment.

14. On or about December 17, 2009, despite being advised that Plaintiff could not accept calls at his place of employment, Defendant initiated a telephone call to Plaintiff at his workplace.

15. During the course of the aforementioned telephone call, Defendant asked to speak to "Michael."

16. Plaintiff's colleague, also named Michael was called to the telephone.

17. Defendant did not confirm that it was speaking with Plaintiff.

18. Defendant proceeded to apprise Plaintiff's colleague that Plaintiff owed a debt and the amount of the debt allegedly owed by Plaintiff.

19. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   c. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

   d. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

21.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL RANDELL, SR., by and through his attorneys, respectfully prays for judgment as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages of $1,000.00;

    c.     Plaintiff's attorneys' fees and costs;

    d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MICHAEL RANDELL, SR.**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: February 26, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:     dmarco@smithlaw.us